**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: | Case No. 25-14200 MER |
| Dinyetta Latrice Love | Chapter 7 |
| Debtor. | |
| Denver Human Services | Adversary No. 25-01296 MER |
| Plaintiff, | |
| v. | |
| Dinyetta Latrice Love | |
| Defendant. | |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

THIS MATTER comes before the Court on the Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) and L.B.R. 9013-1 ("**Motion**") filed by Plaintiff Denver Department of Human Services and City and County of Denver, Colorado ("**DDHS**").[1] There were no responses to the Motion.

**BACKGROUND**

The Debtor/Defendant Dinyetta Love ("**Love**") commenced the underlying bankruptcy case on July 7, 2025.  Pre-petition, Love received worker's assistance and SNAP benefits from the state of Colorado.  On March 11, 2024, DDHS sent Love several letters regarding the overpayment of these benefits.  In the reports attached to the letters, DDHS states the overpayment is due to Love misrepresenting her household size.  In particular, DDHS asserted Love failed to report her spouse, Gerald Love Jr. ("**Gerald**"), as a household member.  Love's failure to include Gerald in her household resulted in DDHS overpaying her benefits, which it asserts Love has not repaid.  As such, DDHS commenced the instant adversary proceeding on October 14, 2025, asserting the debt owed to it by Love for the overpaid benefits is excepted from her discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(2)(B).  Love failed to answer or otherwise respond to DDHS' complaint, and a clerk's default was entered against her on March 17, 2026.[2]

---

[1] ECF No. 17.

[2] ECF No. 15.

## ANALYSIS

### A.      Standard of Review

Pursuant to Fed. R. Civ. P. 55(a) (incorporated by Fed. R. Bankr. P. 7055), "when a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise, the clerk must enter the party's default."  Rule 55(b)(2) permits a court to enter a default judgment once a default has been entered against a party.[3]  After a default has been entered, a defendant cannot defend a claim on the merits.[4]  Rather, "a defendant who fails to answer, plead, or otherwise defend an action is deemed to have admitted the factual allegations in the complaint as true.  The Court also accepts as true the undisputed facts alleged in affidavits and exhibits."[5]  Even after a default is entered, the court must still consider whether the unchallenged facts constitute a legitimate basis for entry of a judgment.[6]  "A party is not entitled to a default judgment as a matter of right; rather, the entry of a default judgment is entrusted to the sound judicial discretion of the court."[7]

### B.      DDHS Is Not Entitled to Default Judgment Under Section 523(a)(2)(A) or (B)

DDHS asserts claims for relief under § 523(a)(2)(A) and (a)(2)(B).  Both of these sections require a showing that the debtor acted with the intent to deceive the plaintiff.[8]  While DDHS alleges, and Love does not dispute, that Love "clearly acted with the intent to deceive and misrepresent [her] financial circumstances and true extent of her household income," the exhibits attached to the Motion and complaint do not support this allegation.  Indeed, DDHS attached four fraud investigation reports in support of its claims.  Each of these reports includes the finding that, "Love <u>did not intentionally misrepresent </u>her household composition."[9]  DDHS makes no other allegations nor provides any additional evidence that would lead the Court to conclude Love acted with the requisite intent despite this finding.  As such, the Court concludes DDHS has not demonstrated it is entitled to default judgment on its § 523(a)(2)(A) and (a)(2)(B) claims.

---

[3] Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure unless stated otherwise.

[4] *Purzel Video GmbH v. Biby*, 13 F.Supp.3d 1127, 1135 (D. Colo. 2014).

[5] *Malluck v. Berkeley Highlands Productions, LLC*, 611 F.Supp.3d 1134, 1137 (D. Colo. 2020).

[6] *Biby*, 13 F.Supp.3d at 1135 (citing *McCabe v. Campos*, No. 05-cv-00846-RPM, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008)).

[7] *Id.* (quoting *Cablevision of Southern Connecticut, Ltd. P'ship v. Smith*, 141 F.Supp.2d 277, 281 (D. Conn. 2001) (internal quotations omitted)).

[8] 11 U.S.C. § 523(a)(2)(A) & (a)(2)(B)(iv); *State of Indiana v. Jewell (In re Jewell)*, 554 B.R. 169, 171 (Bankr. N.D. Ind. 2016) (citing *Husky International Elec., Inc. v. Ritz*, 136 S.Ct. 1581, 194 L.Ed.2d 655 (2016); *McClellan v. Cantrell*, 217 F.3d 890, 893-94 (7th Cir. 2000)).

[9] ECF No. 18, Ex. 1 at 14, 20, 26, & 28 (emphasis added).

## CONCLUSION

For the reasons stated above, the Court

ORDERS the Motion is DENIED.


Dated July 31, 2026                                        BY THE COURT:


Michael E. Romero, Judge
United States Bankruptcy Court